DAVID HUMPHREY & others *vs.* BERKSHIRE WOOLLEN COMPANY.

Under Gen. Sts. c. 114, §§ 3, 7, 8, and c. 149, § 4, the superior court has exclusive jurisdiction of complaints for flowing land, and such a complaint cannot be removed to this court by the defendant on affidavit.

COMPLAINT for flowing land, commenced originally in the superior court, and removed to this court on affidavit of the defendants' agent that the defendants have a substantial defence on the merits and intend to bring the cause to trial, and that the amount in controversy exceeds one thousand dollars. The complainant moved that it be sent back to the superior court, for want of jurisdiction in this court to try it; and this question was reserved by *Chapman*, J. for the determination of the whole court.

*H. L. Dawes*, (*M. Wilcox* with him,) for the complainant.

*I. Sumner & T. P. Pingree, Jr.*, for the defendants.

BIGELOW, C. J. We are of opinion that this court has no jurisdiction of this case in the present state of the proceedings. By Gen. Sts. *c.* 114, § 3, it is expressly provided that the superior court shall have exclusive original jurisdiction of complaints for flowing land. This clear and unequivocal enactment deprives all other courts of any authority to take cognizance of such cases, except so far as it is qualified by other provisions on the same subject. It certainly needs no argument to prove that giving to one court exclusive jurisdiction of a class of actions *ex vi termini* shuts out all others from exercising any power or authority to hear and determine them in any stage of proceeding prior to final judgment. The provision above cited is found in that chapter of the General Statutes which confers jurisdiction upon and defines the powers of the superior court. The same provision is substantially repeated in the subsequent chapter of the statutes which relates to the support and regulation of mills. In providing a remedy for persons whose lands are overflowed or otherwise injured by the erection of a dam, it is enacted that they may obtain compensation therefor on "complaint before the superior court for the county where the land or any part thereof lies." Gen. Sts. *c.* 149, § 4. This being a special and peculiar remedy or course of proceeding, not according to the course of the common law, but existing only by statute, it can be pursued only in the manner and before the tribunal on which jurisdiction is expressly conferred by law. These provisions are qualified to a certain extent by a subsequent section in the chapter last cited, Gen. Sts. *c.* 149, § 12, by which it is enacted that either party to a complaint for flowing land may appeal, as in other civil actions. But this extends only to appeals on questions of law on matters apparent on the record, or the qualified appeal by exceptions, which are the only modes in which cases can be brought to this court by appeal which are originally and exclusively cognizable by the superior court. If anything were needful to fortify this construction, it is to be found in the remaining portion of the section, which provides that "if the judgment of the supreme judicial court is in favor of the complainant, the cause shall be remitted, and the court shall

proceed therein in like manner as if the judgment had been ren•
dered in that court;" clearly implying that the jurisdiction of
this court is to be confined strictly to the questions of law aris•
ing on the appeal, and that all other proceedings are to be had
in the superior court.

But it is contended, on the part of the defendants, that the
provisions contained in Gen. Sts. *c.* 114, §§ 7 and 8, by which
actions may be removed from the superior court to this court by
consent of parties or on affidavit by the defendant, are suffi•
ciently broad and comprehensive to embrace complaints for flow-
ing land; and that this action, having been so removed on affi-
davit duly made by the defendants, is rightfully here, and properly
within the cognizance of this court. Taking the language of
these sections by themselves, this position might perhaps be
supported; but they are not to be so interpreted. They are to
be construed with reference to and in connection with other pro-
visions which immediately precede them, and in conformity to
the manifest scope and purpose of the chapter of the General
Statutes of which they form a part. So considered and inter-
preted, it is clear that these sections are intended to be applied
only to cases in which the supreme judicial court and superior
court have concurrent jurisdiction, and to provide a method by
which such cases may be transferred to this court which were
originally brought by the plaintiff in the superior court, either by
the affidavit of the defendant or by the mutual consent of par-
ties. But these provisions were not intended to have a broader
application; certainly not to enable a defendant or to authorize
parties by mutual agreement to remove to this court cases of
which in express terms the superior court had exclusive jurisdic-
tion. Indeed, it would be little short of an absurdity to suppose
that the legislature intended to give parties a right to bring be-
fore this court a class of actions which they had studiously pro-
vided should be exclusively cognizable by the lower court. So
construed as to lead to such a result, the provisions of different
clauses of the same statute would be repugnant; a conclusion
not to be arrived at where, as in the case at bar, there is a rea
sonable and satisfactory interpretation which renders both pro•
visions harmonious and consistent.

Besides ; the interpretation for which the defendants contend would put the parties to a proceeding like the one at bar on an unequal footing, in the exercise of the important right of selecting the tribunal before which the case should be tried.   Under the provisions of § 3, which give the superior court exclusive jurisdiction of complaints for flowing land, there can be no doubt that the plaintiff would be compelled to bring his suit before that court.   He could not, if he would, commence it in this court.   But if the construction urged by the counsel for the defendants is correct, a defendant would have the privilege of removing the case by affidavit to this court.   Such a result could not have been contemplated by the legislature.   It cannot be supposed that they intended to give the defendant a right, at his election, to transfer the case to this court, when they had by express enactment deprived the plaintiff of the correlative right of instituting his· action originally here.

The case of *Commonwealth* v. *O'Connell*, 8 Gray, 464, cited by the defendants' counsel, has no bearing on the question in contention here.   That case only decided that the legislature by a long series of enactments in relation to police courts had indicated an intention to restrict the ordinary signification of the phrase " exclusive jurisdiction," so that it should not be interpreted to take away the power of justices of the peace to receive complaints and issue warrants returnable before such courts. But there has been no such course of legislation in regard to the subject matter in controversy here.   On the contrary, the only previous enactment on the subject matter of the exclusive jurisdiction of complaints for flowing land, in connection with the right of defendants to remove actions by affidavit to this court, is to be found in *St.* 1840, *c.* 87, the provisions of which are very similar to those contained in Gen. Sts. *c.* 114, §§ 4, 7, 8.   The practical construction of that act, and its judicial interpretation, so far as any has been given, were in conformity to that hereinbefore stated.   See *Northampton Paper Mills* v. *Ames*, 6. Met. 422.

*Action dismissed from this court, and remitted to the superior court.*